# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2375

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | On Appeal from the United |
| | * | States District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Timothy Williams, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: October 18, 2010
Filed: October 21, 2010

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Timothy Williams pled guilty to one count of conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of methampetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The district court[1] sentenced him to 120 months in prison, the statutory minimum. This court affirms.

_____

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

In the plea agreement, Williams admitted joining a drug-trafficking organization in 2009. He spoke regularly with co-conspirators over the telephone and in person about distributing controlled substances and obtaining large quantities of cocaine. He admitted that it was reasonably foreseeable to him that he and his co-conspirators possessed with intent to distribute and distributed between 5 and 15 kilograms of cocaine. The presentence investigation report (PSR) calculated a total offense level of 29 and a criminal history of Category IV – based on a calculation of 9 criminal history points – resulting in a guideline range of 121 to 151 months. Williams did not object to the factual statements in the PSR, which the district court adopted. He moved for a downward departure under U.S.S.G. § 4A1.3(b)(1) for an overstatement of criminal history, which consisted entirely of convictions for alcohol-related driving offenses. He requested that his criminal history be Category I. The court granted Williams' motion but reduced his criminal history to Category II, resulting in a guideline range of 97 to 121 months. The court determined that Williams was ineligible for safety-valve relief, and sentenced him to the mandatory minimum of 120 months.

This court reviews the district court's application of the sentencing guidelines de novo and its findings of fact for clear error. *United States v. Rodriguez*, 484 F.3d 1006, 1014 (8th Cir. 2007).

Williams argues that the district court erred in determining that it lacked the authority to grant him safety-valve relief from the 120-month mandatory minimum. "Safety-valve relief allows the district court to disregard an applicable statutory minimum if certain requirements are met." *United States v. Barrera*, 562 F.3d 899, 902 (8th Cir. 2009). The defendant bears the burden of establishing eligibility for safety-valve relief. *United States v. Razo-Guerra*, 534 F.3d 970, 974 (8th Cir. 2008). At issue here is the requirement that "the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines." 18 U.S.C. § 3553(f)(1).

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 40 (2007). Before granting a downward departure for an overstated criminal history, a district court must first calculate the defendant's criminal history points. *See Barrera*, 562 F.3d at 903, *citing* U.S.S.G. § 5C1.2(a)(1). According to Williams, the district court did not clearly err in calculating his history points, but rather failed to appreciate its discretion to reduce this calculation. To the contrary, "the calculation of criminal history points is not advisory." *Id.* As it is not disputed that Williams had more than one criminal history point, the district court properly denied him safety-valve eligibility. *See id.*

The judgment of the district court is affirmed.

_____